TOM OWENS V. THE STATE.

No. 15601.  Delivered February 1, 1933.
Reported in 56 S. W. (2d) 887.

The opinion states the case.

*Newman & McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Under indictment charging him with murder, appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for two years.

Deceased, Ed Smith, was appellant's tenant.  Apparently the relations of the parties had been unfriendly; it appearing that appellant had given deceased notice to surrender possession of his farm.  Shortly prior to the homicide appellant had advised Mr. Peel that he had a landlord's lien on certain crops raised by deceased.  On the day of the homicide deceased's son, Ernest Smith, hauled a load of milo maize to Mr. Peel's place of business and offered it for sale.  Upon being advised by Mr. Peel that appellant was asserting that he had a landlord's lien on the maize, deceased's son returned home and reported the matter to deceased.  Whereupon, deceased procured his rifle, and, accompanied by his wife and Ernest Smith, drove to town.  Upon reaching town deceased stopped his car in front of Mr. Peel's place of business.  Appellant was across the street sitting in his automobile.  Leaving deceased in his car, Mrs. Smith and her son, Ernest Smith, walked across the street to appellant's car.  A difficulty ensued between Ernest Smith and appellant.  According to the testimony of the state, after some words had passed between the parties, appellant attacked Ernest Smith with a piece of iron.  Appellant's version was to

the effect that Ernest Smith made an unprovoked attack upon him. In any event, the parties engaged in a fight in which Ernest Smith was the victor. During the difficulty deceased came from his car with his Winchester in his hand. According to some of the witnesses, deceased ordered the spectators to remain away while his son was engaged in whipping appellant. After appellant had been badly beaten by Ernest Smith, deceased and his wife and son went back to Mr. Peel's place of business. According to the testimony of witnesses for the state, deceased put his Winchester down, but later he picked it up and started to his automobile. Placing the gun on the seat, he was in the act of getting into the car when appellant fired on him twice. One shot inflicted a superficial wound which was not sufficient within itself to have caused death. The other shot failed to take effect. Deceased died shortly after being wounded. It appears that deceased was suffering from Bright's disease. The testimony was to the effect that he probably died as the result of a heart attack.

Appellant's version of the transaction, given support in his testimony and that of his son and other witnesses, was to the effect that, after deceased had gone across the street, he faced appellant and presented his Winchester in his direction; that appellant's son stated to appellant that deceased was going to shoot him; that he immediately secured his Winchester from his car and fired two shots in rapid succession at deceased. Appellant testified that he believed that his life was in danger at the time he fired upon deceased. Further, he testified that Ernest Smith had made an unprovoked attack, on him, and that the unmerciful beating he had received at his hands had greatly excited him.

In the charge the court, among other things, instructed the jury that, before they could convict for murder, they must believe beyond a reasonable doubt that the gunshot wound caused the death of deceased. Following the charge on murder the jury were instructed on self-defense, as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant Tom Owens, at the time and place alleged shot Ed Smith with a gun, and if you further believe beyond a reasonable doubt that such gun shot wound, if any, was the cause of the death of the said Ed Smith, yet if you further believe that at the time of such shooting, if any, from all of the facts and circumstances that there was created in the mind of the defendant a reasonable apprehension that he was in danger of losing his life or suffering serious bodily injury at the hands

of the said Ed Smith, and that he shot to defend himself from such danger or apparent danger, he would not be guilty of any crime and in determining this you will view the situation from the standpoint of the defendant, under all the facts and circumstances, and in the event you so believe, or if you have a reasonable doubt thereof you will find the defendant not guilty and so say by your verdict."

After setting forth the ingredients of assault with intent to murder, the court instructed the jury, in substance, that if they had a reasonable doubt as to whether the gunshot wound caused the death of deceased, and if they did not believe that appellant was acting in self-defense, a conviction for assault with intent to murder should follow. The term "self-defense" as employed in the charge on assault with intent to murder was not defined, unless the instruction covering self-defense hereinbefore quoted was sufficient to guide the jury in passing upon the question as to whether appellant's version of the transaction exculpated him when the state sought to hold him for assault with intent to murder. Considering the charge in its entirety, the opinion is expressed that appellant's exception was well taken. The instruction on self-defense is susceptible of the construction that the right to defend would not be present unless the jury believed that the gunshot wound was the cause of deceased's death. Bearing in mind that the court predicated the charge covering the law of assault with intent to murder upon testimony to the effect that the wound was not the proximate cause of deceased's death, it is apparent that the instruction on self-defense would furnish no adequate guide for determining whether appellant's version of the transaction raised the issue of self-defense when the state sought to hold him on a charge of assault with intent to murder. Looking to the charge, the jury might have concluded that if the wounds were the proximate cause of deceased's death, appellant would be excusable if he acted in self-defense, but otherwise if the wounds were not the proximate cause of death, and that, in the latter event, the fact that appellant acted in self-defense would not preclude his conviction for assault with intent to murder. In short, the charge on self-defense, as applicable to murder, was so drawn as to be inapplicable to assault with intent to murder. A charge substantnally the same as the one in question here was considered by this court in Jackson v. State, 118 Texas Crim. Rep., 448, 39 S. W. (2d) 63, and the conclusion reached that the matter presented reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.