TOM OWENS V. THE STATE.

No. 16280.   Delivered February 21, 1934.
Reported in 68 S. W (2d) 508.

The opinion states the case.

*Newman & McCollum,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of an assault with intent to murder, and his punishment assessed at confinement in the state penitentiary for a term of one year.

This case was before this court at a former day and was reversed and remanded and will be found reported in 56 S. W. (2d) 887.

The deceased, Ed. Smith, was a tenant of the appellant during the year 1931 and intended to hold over for the year 1932. It appears from the testimony that the relations between appellant and deceased had become strained and considerable ill-feeling existed between them. Shortly prior to the alleged homicide appellant had advised one Mr. Peel that he had a landlord's lien on certain crops raised by deceased during the year 1931. On the day of the homicide Ernest Smith, a son of deceased, hauled a load of maize to town and offered to sell the same to Mr. Peel. Upon being advised by Mr. Peel that appellant claimed he had a landlord's lien on the maize, the son returned home and reported the matter to the deceased. Whereupon, the deceased procured his rifle, and, accompanied by his wife and Ernest Smith, drove to town. On reaching town deceased stopped his car in front of Mr. Peel's place of business. Appellant was across the street sitting in his automobile. Ernest Smith and his mother, Mrs. Smith, walked across the street to appellant's car while Ed. Smith, the deceased, remained in his car. According to the testimony of the state, after some words had passed between the parties, the appellant attacked Ernest Smith with a piece of iron. The appellant's version was to the effect that Ernest Smith made an unprovoked attack upon him. At any event, the parties engaged in the fight and during the difficulty deceased came from his car with his Winchester rifle in his hand, demanding that the parties stand back and permit the two to finish the fight. After appellant had been beaten by Ernest Smth, deceased went back to his car with his rifle and his wife and son went back to Mr. Peel's place of business. It appears from the testimony of the state's witnesses that deceased put his Winchester down back of the seat of his automobile and while in the act of getting into his car the appellant fired on him twice, one shot inflicting a superficial wound and the other failing to take effect. The deceased died shortly after being wounded, apparently as the result of a heart attack. The appellant's version of the transaction was to the effect that after deceased had gone across the street the deceased presented

his Winchester in the direction of the appellant and the appellant's son stated, "Look out, Papa, he has a gun," whereupon the appellant took his Winchester rifle from his car and immediately fired two shots in rapid succession at deceased. The appellant testified that he believed that his life was in danger at the time he fired upon deceased in that the deceased had his Winchester presented in an attitude of shooting.

The appellant complains of the action of the trial court in failing to charge article 1223, Penal Code, contending that the same should have been submitted to the jury under the facts proven. The appellant excepted to the court's main charge because the court failed to charge the jury that when a homicide takes place to prevent murder, maiming, etc., if the weapon or means used by the party attempting to commit such murder maiming, etc., are calculated to produce that result, it is to be presumed that the person using them designed to inflict the injury. The appellant also requested a special charge of the law on that phase of the case. Although the special charge did not accurately present the law applicable to said facts, the defendant's objection to the court's charge in connection with the special requested charge was sufficient to call the court's attention to the omission from his main charge, and we believe that the appellant's position is well taken and should be sustained.

The appellant also insists that the court should have charged on aggravated assault and battery. We do not believe that the facts in this case raise the question of aggravated assault and battery because the appellant used a Winchester rifle, which was a deadly weapon, and he testified as follows: "When I stepped back up there into the Harden store I did not say 'I shot to kill him, he did not think I would do it but I did.' I did not say that, but I did shoot to kill him," showing a specific intent to kill the deceased at the time he shot at him.

In our opinion it would have been better had the court in his preliminary part of paragraph 4 of his main charge embraced the matters in the preliminary part of appellant's requested special charge No. 3, and then applied the law to the facts.

For the error committed by the court in failing to charge the law of article 1223, Penal Code, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.